FILED

# UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF FLORIDA

3:20-mc-4-J-34JBT

AVIANCE MCCARTER
MOVANT

Subpoena No. 2018R02040021

## -MOTION TO QUASH SUBPOENA-

Comes now Movant Aviance McCarter, pro se, and respectfully moves this Honorable Court to *Quash* the Subpoena To Testify Before Grand Jury for the foregoing reason(s):

Due to past (2019) and present (2020) contact initiated by the Federal Postal Inspectors D. Morgan-Neal/Adam Schaefer and Louisiana Detective Perry Frith. Whom either spoke with Mr. and Mrs. McCarter via phone as well as traveled to their home requesting to speak with them both. Nevertheless, the Federal Agents and Detective seemingly were more interested in primarily speaking with movant's husband, Zevon McCarter. Coupled with the matter of only the Movant being subpoenaed as a *witness* and the statements made to Mrs. McCarter's husband from the Postal Inspector D. Morgan-Neal (of having the prosecutor type up an *indictment* and sending *US Marshals* for him if he refused to meet and speak with her while she and Postal Inspector Adam Schaefer were in Tampa, FL). Movant now believes the instant subpoena to testify before grand jury as a witness is intended to attempt to elicit information the Government may believe Mrs. McCarter knows that will help the Government secure an indictment against Movant's Husband.

However, Mrs. McCarter, does not choose to testify in any manner (grand jury, trial, etc.) that may indirectly or directly implement Movant's Husband Zevon McCarter, in a federal indictment or any other criminal proceeding(s). Movant believes that while the Judicial System of this Great Country successfully convict the guilty more than not, it still has a tendency to convict some that are actually innocent.

Therefore, it is Mrs. McCarter's legal desire to invoke her constitutional right of "Spousal Privilege" and does not wish to possibly ruin the harmony and sanctity of the marriage relationship. See Trammel vs. U.S., 445 U.S. 40, 100 S. Ct 906, 63 L. Ed 2d 186 (1980) (Spousal Privilege ran only to the witness spouse). The Marital privilege has been recognized by the Eleventh Circuit. U.S. vs. Entrekin, 624 F. 2d 597, 598 (5th Cir. 1980); U.S. v. Mendoza, 574 F.2d 1373, 1379 (5th Cir. 1978). Rule of Evidence provides in relevant part: "the privilege of a witness... shall be governed by the principles of the common law as they may be interpreted by the courts of the United States in the light of reason and experience." Moreover, the Government's subpoena to testify before a grand jury are generally set to elicit information for two reasons: (1) as a *Witness*, to help secure an indictment against a third party or, (2) as a *Target* of an indictment,

thereby using the grand jury (where 5th Amendment guarantees are limited) as an legal vehicle to undermine the constitutional guarantees afforded by the Fifth Amendment where: "No person shall be held to answer for a capital, or otherwise infamous crime... nor shall be compelled in any criminal case to be a witness against himself." Therefore, whether the Government's instant subpoena to testify before grand jury is solely intended for witness, target and/or both. Movant respectfully moves this Court to quash the Government's subpoena with prejudice as the Government should not be afforded "no exception" to the *spousal privilege* even if the Government were to attempt to reason with the Court by making promises of any sort.

In re Grand Jury Matter, 673 F.2d 688 (1982) (no promise could prevent the grand jury from considering the witness spouse's testimony in deciding whether to indict the none witness spouse). Id. At 279. In re Grand Jury (Malfitano), 633 F.2d 276 (3rd Cir, 1980). The Court concluded that in Trammel the Supreme Court had "decided that the privilege against adverse spousal testimony remains a viable principle of federal law and only modified the privilege by vesting it solely in the testifying spouse". Id. At 277. The Court further noted "The crux of (the) privilege is that a person may not be forced to be a witness against his or her spouse in a criminal proceeding."

In Malfitano, the Court held: [The fact that the grand jury will consider appellant's testimony and possibly indict her husband on the basis of it will put a strain on their marriage. The husband will be subjected to an indictment based in part on appellant's testimony. This is no less of a strain on the marriage than if the appellant testified at his trial]. Thus, there should be no exception to the Privilege Against Adverse Spousal Testimony even in some instances where spouses are joint participants in a crime. See AB v. U.S., 24 F.Supp.2d 488 (1998). In *Appeal of Malfitano*, the Third Circuit stated that "[a] rule that abrogates the privilege where the spouses have been partners in crime rests on a variety of possible premises, none of which justify an exception." 633 F.2d at 278. The Second Circuit agreed with the approach taken by the court in Appeal of Malfitano, finding the purpose underlying the privilege outweighed the opposing considerations for imposing the joint participant exception. In re Grand Jury Subpoena United States, 755 F.2d 1022, 1028 (2d Cir. 1985), *vacated on other grounds sub nom*. United states v. Koecher, 475 U.S. 133, 106 S.Ct. 1253, 89 L.Ed.2d 103 (1986). Thus, the Second Circuit ruled that "[i]n light of its existence since the early days of common law and of the importance of the interests which the marital privilege serves, we would leave the creation of exceptions to the Supreme Court or to Congress."

**WHEREFORE**, for the foregoing reasons and applicable law Movant respectfully request this Honorable Court to Quash Subpoena To Testify Before Grand Jury.

**CERTIFICATION:** Movant certifies that a copy of this Motion has been furnished to the Middle District of Florida District Court and Government Attorney.

Date: 02/12/2020                                        *[signature]*